Case 1:20-cv-04100-JSR   Document 34   Filed 06/16/20

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06-16-2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Quinn, et al. v. JPMorgan Chase Bank, N.A., et al. ; Quinn v. Signature Bank Corp., et al.; Fahmia, Inc. v. MUFG Americas Holding, Co., et al.; Fahmia, Inc. v. Citibank, N.A., et al. | 1:20-cv-04100-JSR<br>1:20-cv-04144-JSR<br>1:20-cv-04145-JSR<br>1:20-cv-04146-JSR<br><br>Fed. R. Civ. P 26(f) Report |

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)(2)

PURSUANT TO RULE 26(f) of the Federal Rules of Civil Procedure and this Court's Notice of Initial Pre-Trial Conference dated June 9, 2020, counsel for Plaintiffs and Defendants in the four above-captioned actions have met and conferred and hereby provide this Joint Report in advance of the Pre-Trial Conference set for June 23, 2020.  Where the parties agree, a joint position has been provided, and where the parties disagree, they have set forth their respective positions or otherwise so advised the Court of their differing positions.  Part IV addresses each item in the Court's Joint Case Management Form, Form D Information and Deadlines.

**I.      Joint Summary of the Case and Case Status**

The four above-captioned cases are proposed class actions arising out of the Paycheck Protection Program ("PPP") created as part of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").  In each of their complaints, Plaintiffs allege that the PPP requires the Defendant banks to provide "agents" who assisted borrowers with completing or submitting loan applications, and/or assisted borrowers with creating or providing supporting documentation for loan applications, a portion of the resulting compensation the lender received for processing these forgivable loans.  Plaintiffs allege that each Defendant has adopted a policy of refusing to pay agent fees and that those policies do not comply with the PPP.  Each Plaintiff

contends that it assisted one or more borrowers in filling out PPP applications, and/or provided supporting documentation for said applications, but have not been paid an agent fee by the applicable Defendant bank.

James Quinn, Fahmia, Inc. and Prinzo & Associates, LLC are named Plaintiffs in *Quinn v. JPMorgan Chase Bank, N.A. et al.*, Case No. 1:20-cv-04100 (the "*Chase* Action").

Fahmia, Inc. is the named Plaintiff in *Fahmia, Inc. v. MUFG Americas Holding Co. et al.*, No. 1:20-cv-04145 (the "*MUFG* Action") and in *Fahmia, Inc. v. Citibank, N.A. et al.*, No. 1:20-cv-04146 (the "*Citibank* Action").

James Quinn is the named Plaintiff in the *Quinn v. Signature Bank Corp. et al.*, No. 1:20-cv-4144 (the "*Signature* Action").[1]

In these Actions, Plaintiffs assert the following claims on behalf of proposed nationwide classes of agents that allegedly assisted PPP loan applicants: (1) declaratory relief, (2) breach of contract – third party beneficiary, (3) violations of New York General Business Law § 349 (or, in the case of the *MUFG* Action, the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*)), (4) unjust enrichment, and (5) conversion.

As a general matter, Defendants deny Plaintiffs' interpretation of the PPP program requirements, deny that any of the Plaintiffs are owed any fees or that Defendants have any liability, deny that Plaintiffs' claims can be certified for class treatment, and plan to assert a number of other defenses.

---

[1] To the extent that holding companies are named as defendants as well, only the names of banks that issued PPP loans are used in this Report for simplicity.  In the case of the *Signature* case, an unaffiliated entity, Signature Bank Corp, was named as a defendant in error; Signature Bank's counsel does not represent that entity, and Plaintiffs' counsel has represented that Plaintiffs will dismiss claims against Signature Bank Corp without prejudice.

Each Defendant except Signature has either been served with the appropriate complaint or has agreed to waive service. Counsel for Signature has participated in drafting this report. Plaintiffs' counsel represents that Signature will be served prior to the June 23, 2020 initial pretrial teleconference. Each Defendant has specially appeared or will have specially appeared before the June 23, 2020 initial pretrial teleconference set by the Court. No Defendant has formally responded to any of the operative Complaints. The deadline to respond in each of the cases is as follows: *Chase* Action – August 10, 2020; *MUFG* Action – August 7, 2020; *Citibank* Action – August 10, 2020; and *Signature* Action – TBD, 2020.

## II.     Other Potentially Related Cases and Proposed Agent Fee MDL

The parties and their counsel are unaware of any other similar cases filed in the Southern District of New York, and Plaintiffs' counsel do not currently anticipate filing additional such cases in this District. Plaintiffs' counsel will advise the Court upon learning of any similar cases by filing a Related Case Statement.

Outside of the Southern District of New York, there are 31 other agent fee cases pending against 122 defendants. Like Plaintiffs here, the plaintiffs in these cases allege that they assisted borrowers in applying for PPP loans and are owed agent fees from the lenders who made those loans. Chase is a defendant in nine of these cases. Citibank is a defendant in only two cases (the case pending before this Court and one in California). MUFG and Signature are defendants in only one case each (those pending before this Court).

On May 22, 2020, a plaintiff in one of the agent fee cases filed a petition with the JPML to coordinate all agent fee cases in the Northern District of Georgia (the "Agent Fee MDL" petition). *See In re Paycheck Protection Program ("PPP") Agent Fees Litig.,* MDL No. 2950. On June 10, 2020, counsel for Plaintiffs in the four above-captioned cases filed a notice advising the JPML that these four cases, among others, are within the scope of the Agent Fee MDL

3

petition. Defendants will be filing their response briefs on June 17, 2020. As of the date of this Report, Plaintiffs plan to support MDL formation. Chase plans to support MDL formation as to the claims filed against it, but otherwise to oppose MDL formation. Defendants Citibank, MUFG, and Signature plan to oppose MDL formation, but do not oppose Chase's request for MDL formation as to the claims filed against it.

The Parties will promptly advise the Court of any ruling from the JPML.

### III. Parties' Positions on Proposed Consolidation of the Four Above-Captioned Cases

On June 9, 2020, the Court indicated that, subject to any objection at the time of the initial pre-trial conference, the Court intends at that time to consolidate the cases for all pre-trial purposes.

Plaintiffs, Citibank, MUFG, and Signature do not object to consolidation or coordination for pre-trial purposes, provided that each party will have an opportunity to raise any claims, defenses, or other issues that are unique to it.

Chase objects to consolidation of the *Chase* Action with the other three cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, both for pre-trial and trial purposes, and respectfully requests that the Court permit it to formally brief this issue (after the JPML makes a determination on the Agent Fee MDL petition) prior to any formal consolidation order. A supplemental statement with respect to the *Chase* Action (the "Supplemental Statement"), submitted concurrently herewith, sets forth the basis for both Chase's and Plaintiffs' positions on Chase's objection. Chase's objection in this regard is consistent with the position it is taking before the JPML, including that an all-encompassing, industry-wide MDL involving all of the different banks and non-bank lenders would be neither just nor efficient under the circumstances. The other Defendants take no position on Chase's objection.

**IV.     Other Matters**

Defendants:

For the reasons set forth in the Supplemental Statement in the *Chase* Action, Chase requests that this Court stay any further proceedings in the *Chase* Action until the JPML issues its decision. It is Chase's position that interests of judicial economy and efficiency, coupled with the balance of hardships to the parties, support granting a short stay pending a ruling from the JPML, which is expected in less than two months from this submission.

Defendants Citibank, MUFG, and Signature—and Chase, to the extent the Court denies its principal stay request—agree that this Court should stay discovery in all four cases pending a ruling on Defendants' anticipated motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. All Defendants anticipate filing a Rule 12(b)(6) motion and will attempt to file a single brief to the extent possible. At least some Defendants, including Citibank and MUFG, also intend to file a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on grounds of ripeness and lack of injury/standing. Defendants are prepared to shorten the time they otherwise would have to respond to the operative Complaints if a discovery stay is put in place and propose to file these motions by July 14, 2020 (or sooner if Plaintiffs do not file any amended complaint(s)), and propose a briefing schedule that will allow the motions to be fully briefed by July 28, 2020. If the Court resolves these threshold jurisdictional and legal issues in Plaintiffs' favor, Defendants are prepared to move forward expeditiously with discovery, as set forth in their proposed schedule below.

**V.     Parties Position on Form D Information and Deadlines**

Plaintiffs' Preliminary Statement:

Plaintiffs believe that while it will take significant focus, commitment, and work by the parties, these cases can be ready for trial by November 23, 2020 if the parties can avoid

unnecessary delays caused by unresolved discovery disputes or delay in producing documents and witnesses for deposition.

Defendants' Preliminary Statement:

Recognizing that this Court's Notice of Court Conference specified a trial-ready date of November 23, 2020, Defendants respectfully submit that these cases cannot be ready for trial in five months. If the Court denies Chase's motion to stay proceedings pending a ruling from the JPML, Defendants believe that at least approximately six additional months is appropriate, particularly given the need for insertion of a class certification component to the Court's typical Form D schedule, Defendants' proposal that discovery be stayed until August pending resolution of their early threshold motions, the need for the Defendants to focus on administering the PPP loan program that is the subject of these lawsuits, the ongoing circumstances and challenges surrounding the COVID-19 pandemic, and the nature and complexity of these proposed class action cases. The deadlines proposed by the Defendants below factor for that additional time.

Pursuant to the Court's Form D, below are the parties' positions on the required information and deadlines.

    a. The parties agree that this is a jury trial case.

    b. Joinder of additional parties must be accomplished on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| July 23, 2020 | June 30, 2020 | N/A |

    c. Amended pleadings to be filed without leave of Court on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| July 23, 2020 | June 30, 2020 | N/A |

d. Discovery

i. <u>Documents</u>: First request for production of documents must be served on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| June 26, 2020 | September 18, 2020 | N/A |

ii. <u>Interrogatories</u>: Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must by served on or before"

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| June 26, 2020 | September 25, 2020 | N/A |

iii. <u>Experts</u>: Every party proponent of a claim that intends to offer expert testimony regarding claims must make the disclosures required by Fed R. Civ. P. 26(a)(2) on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| October 1, 2020 | January 15, 2021 | N/A |

Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| October 15, 2020 | February 5, 2021 | N/A |

7

      iv.    Depositions: All depositions must be completed on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| October 22, 2020 | February 26, 2021 | N/A |

      v.    Requests for Admission: Requests for Admission, if any, must be served on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| September 22, 2020 | December 31, 2020 | N/A |

      vi.    All discovery must be completed on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| October 22, 2020 | February 26, 2021 | N/A |

      e.    Post-discovery Summary Judgment motions must be served on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| October 23, 2020 | March 15, 2021 | N/A |

with answering papers due on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| November 6, 2020 | March 31, 2021 | N/A |

and Reply Papers due on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| November 13, 2020 | April 14, 2021 | N/A |

The parties also propose the following Additional Requested Deadlines:

a. **Rule 26(a) Required Disclosures**: Rule 26(a) required disclosures will be exchanged no later than:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| July 3, 2020 | July 3, 2020 | Chase proposes August 14, 2020 for its Initial Disclosures given its request for a stay pending a ruling from the JPML. |

b. **Protective Order and ESI Protocols**: The parties will file either agreed-upon documents regarding protective orders and ESI protocols, or file a joint filing with separate proposed orders on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| June 26, 2020 | September 25, 2020 | N/A |

c. **Motions to Dismiss**

   i. Motions to dismiss must be served on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| Plaintiffs take no position as to when Defendants' motions must be served, except as to be allowed sufficient time to respond to potentially four dispositive motions filed at the same time. | July 14, 2020 | Chase reiterates its request for a stay of proceedings in the *Chase* Action pending a ruling from the JPML. |

with opposition papers filed on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| August 11, 2020 | July 21, 2020 | |

and reply papers by filed on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| August 18, 2020 | July 28, 2020 | |

    d. **Class Certification Deadlines.**

        i. Class certification specific requests for production of documents must be served on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| June 26, 2020 | September 25, 2020 | N/A |

and responded to on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| July 13, 2020 | October 23, 2020 | N/A |

        ii. Notice of class certification specific-30(b)(6) deposition topics must be served on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| June 26, 2020 | September 25, 2020 | N/A |

        iii. and produced for deposition on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| July 31, 2020 | November 20, 2020 | N/A |

        iv. The class certification motion must be served on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| August 21, 2020 | December 11, 2020 | N/A |

10

with opposition papers filed on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| September 19, 2020 | January 29, 2021 | N/A |

and reply papers by filed on or before:

| Plaintiffs' Position | Joint Defendants' Position | Separate Defendant's Position (if any) |
|---|---|---|
| September 29, 2020 | February 12, 2021 | N/A |

    v.    Any class certification expert reports filed in conjunction with class certification motions or oppositions must be made available for deposition within seven (7) days of the disclosure and filing.

Dated: June 16, 2020
      New York, NY

Respectfully submitted,

/s/ Elaine S. Kusel
Elaine S. Kusel
esk@mccunewright.com
**McCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs*


/s/ Sylvia E. Simson
Sylvia E. Simson
simsons@gtlaw.com
Keith Hammeran
hammerank@gtlaw.com
Noah Lindenfeld
lindenfeldn@gtlaw.com
**GREENBERG TRAURIG**
200 Park Avenue, 39th Floor, Suite 39-36
New York, New York 10166
Telephone: (212) 801-9275
Facsimile: (212) 801-6400

*Attorneys for Defendant JPMorgan Chase Bank, N.A., and Specially Appearing Defendant JPMorgan Chase & Co.*


/s/ Andrew Soukup
Andrew Soukup
asoukup@cov.com
**COVINGTON & BURLING, LLP (DC)**
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-5066
Facsimile: (202) 778-5066

Paul Fitzgerald Downs
pdowns@cov.com
**COVINGTON & BURLING, LLP**
The New York Times Building
New York, New York 10018

12

Telephone: (424) 332-4800
Facsimile: (424) 332-4749

Ashley Simonsen (*Pro Hac Vice Application Forthcoming*)
asimonsen@cov.com
**COVINGTON & BURLING, LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Attorneys for Defendants MUFG Union Bank, N.A., and MUFG Americas Holding Co.*


<u>/s/ Christopher J. Houpt</u>
Christopher J. Houpt
choupt@mayerbrown.com
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2374

Lucia Nale (*Pro Hac Vice Application Forthcoming*)
lnale@mayerbrown.com
Thomas V. Panoff (*Pro Hac Vice Application Forthcoming*)
tpanoff@mayerbrown.com
Christopher S. Comstock (*Pro Hac Vice Application Forthcoming*)
ccomstock@mayerbrown.com
Andrew J. Spadafora (*Pro Hac Vice Application Forthcoming*)
aspadafora@mayerbrown.com
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606-7463
Telephone: (312) 782-0600

*Attorneys for Defendants Citibank, N.A. and Citigroup Inc.*

/s/ *Elizabeth Sacksteder*
Elizabeth Sacksteder
esacksteder@paulweiss.com
**PAUL WEISS RIFKIND WHARTON & GARRISON, LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3505
Facsimile: (212) 492-0505

*Attorneys for Defendants Signature Bank and Signature Financial LLC*