UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED: _06-16-2020_         │
└─────────────────────────────────┘
```

James Quinn; Fahmia, Inc.; and Prinzo &
Associates, LLC, individually and on behalf of
others similarly situated,

Civil Action No.
1:20-cv-4100

    Plaintiffs,

Hon. Jed S. Rakoff

 -against-

JPMorgan Chase Bank, N.A., doing business as
Chase Bank; and JPMorgan Chase & Co., Does 1
through 100, inclusive,

    Defendants.

## SUPPLEMENT TO THE JOINT REPORT SUBMITTED IN CASE NOS. 1:20-CV-04100-JSR, 1:20-CV-04144-JSR, 1:20-CV-04145-JSR, AND 1:20-CV-04146-JSR

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and as discussed in the Joint

Report submitted contemporaneously herewith in Case Nos. 1:20-CV-04100-JSR, 1:20-CV-

04144-JSR, 1:20-CV-04145-JSR, and 1:20-CV-04146-JSR (the "Joint Report"), JPMorgan Chase

Bank, N.A. and specially appearing JPMorgan Chase & Co. (together, "Chase") along with

Plaintiffs submit the attached Supplement to the Joint Report relevant only to the above-captioned

case in advance of the June 23, 2020 initial pretrial conference.  (Rec. Doc. 20).

### A.  Proposed Consolidation

On June 9, 2020, the Court corresponded by email with all parties in the four cases discussed

in the Joint Report and scheduled a telephonic initial pretrial conference.  In this same email, the

Court indicated that, subject to any objection, the Court may consolidate the four cases for "all pre-

trial purposes."  Chase respectfully objects to consolidation of the above-captioned case with the

1

other three cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, both for pre-trial and trial purposes.  Both Chase and Plaintiffs' respective positions on this matter follow.

### Chase's Position

While the four cases discussed in the Joint Report may be related for judicial assignment purposes pursuant to Local Civil Rule 1.6 and Rule 13 for the Division of Business Amongst District Judges, consolidation of these different cases is not warranted at this time under the circumstances.  Chase respectfully requests that the Court permit it to formally brief this issue prior to any formal consolidation order, and more importantly, that such briefing be due *after* a determination is made by the Judicial Panel on Multidistrict Litigation ("JPML") on the pending multidistrict litigation ("MDL") formation request, since that decision, which is expected soon, will affect this action, as well as the other pending cases.

As Chase explained in its June 9, 2020 correspondence, the JPML is currently evaluating whether the formation of a multidistrict litigation ("MDL") for the various cases involving Paycheck Protection Program ("PPP") agent fee claims is appropriate, and if so, what that MDL should look like, who should be party to it, and where it should be heard.  *See In re Paycheck Protection Program ("PPP") Agent Fees Litig.,* MDL No. 2950.  With regard to the pending MDL motion, Chase submits that an all-encompassing, industry-wide MDL involving all of the different banks and non-bank lenders would be neither just nor efficient under the circumstances.  Different lenders and banks made PPP loans to different borrowers under individual circumstances, and different purported putative agents have documented (or failed to document) their alleged roles in various ways.  Different banks also have different procedures, policies, and practices and operate separately from one another as a general matter and in connection with the processing of PPP loan applications.

2

Similarly, here, Chase does not consent to consolidation of the instant action with the three other actions pursued by the same Plaintiffs against other lenders in this District, as there are far too many differences to make consolidation for discovery and pre-trial purposes (let alone trial) fair or efficient.   Further, principles of judicial economy would be impeded (as opposed to enhanced) as all Defendants would be required to monitor and participate in each other's dispositive motions, discovery disputes, and individualized legal and merits defenses.   Other courts in this District have declined to consolidate in circumstances with limited similarities beyond the same Plaintiff(s) and the same overall issue (here, purported PPP agent fees), and Chase respectfully requests that the Court do the same.[1]

**Plaintiffs' Position**

Consolidation of these four cases for pre-trial purposes is warranted and serves the interests of judicial economy.  The cases involve overlapping plaintiffs; seek to represent similar (and plainly overlapping) classes of plaintiffs; the claims against the four Defendant lenders are based on the same legal theories; and the claims relate to the same conduct (failing to pay agent fees).  The core

---

[1] *See, e.g., Marom v. Gordon*, No. 18-cv-12094, 2020 U.S. Dist. LEXIS 8763, at *46 (S.D.N.Y. Jan. 16, 2020) (finding that "[a]lthough there is some overlap in the factual circumstances . . .  the similarities are mostly limited to the defamation claims, which implicate the defendants differently in each case" and denying consolidation, as "[t]o consolidate these cases, at least at this stage, would not be in the interest of judicial equity or economy, and could cause distinct issues of law and fact from each case to merge, creating confusion."); *Aerotel, Ltd. v. Verizon Comms., Inc.*, 234 F.R.D. 64, 66-67 (S.D.N.Y. Dec. 6, 2005) (finding that even though the patent at the heart of the two cases was the same, "these actions involve entirely different defendants and, for the most part, different products" and the "substantial non-overlapping issues [] would lead to increased discovery costs and be confusing to the jury"); *Pem-Am., Inc. v. Sunham Home Fashions, LLC*, No. 03-cv-1377, 2003 U.S. Dist. LEXIS 24801, at *4-5 (S.D.N.Y. Nov. 12, 2003) (denying consolidation even though the cases "involve[] the same litigants" and "claims [of] copyright infringement," as "[t]he designs alleged to have been infringed are different," "the nature of the infringing activities alleged and defenses raised are significantly different," and "a number of the important witnesses are relevant to only one of the actions").

of the Plaintiffs' claims in *Quinn v. JPMorgan*, *Quinn v. Signature Bank*, *Fahmia v. Union Bank*, and *Fahmia v. Citibank* is to seek relief for lending banks' failure to comply with the PPP's agent fee provisions.  Chase argues that the cases involve different loan applicants, different agents, or different procedures.  But what the PPP requires with respect to agent fees, and the factual overlap of each bank's compliance or non-compliance with those requirements, overwhelms any suggestion that, e.g., loans were made to different applicants.

The benefits to judicial efficiency by avoiding duplication of work and effort are manifest. Each of these cases will involve substantially similar discovery, class certification, and expert issues.  Consolidation will permit the Court to consider and decide these discovery issues efficiently, and issue cohesive and comprehensive rulings applying equally to each party.  For example, the parties can negotiate and the Court can enter a single Protective Order and ESI protocol governing all the parties, instead of conduct four separate negotiations.  Nor is there any reason to hold four status conferences instead of one consolidated conference.  Judicial efficiency and avoiding substantial duplication of effort and expense, delay, or undue burden on the Court, parties, and the witnesses support consolidation of these cases.

**B.**     **Whether This Action Should Be Stayed Pending The JPML's Decision**

On May 22, 2020, Alliant CPA Group LLC—who is not a party to any of these cases and is represented by different counsel from Plaintiffs here—filed a petition with the JPML to coordinate all agent fee cases.  On June 10, 2020, counsel for Plaintiffs in these four cases filed a notice advising the JPML that these cases, among othersare within the scope of the pending MDL request.

Chase will file its response brief to the JPML on June 17, 2020.  Briefing closes on June 24, 2020.  While the Panel has not set the matter for hearing, it is expected to place the matter on

4

its July 30, 2020 hearing calendar.  Chase respectfully requests that this Court stay any further proceedings in the instant action, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, until the JPML issues its decision.  Plaintiffs oppose the request.

### Chase's Position

 "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).  Courts in this District "consider five factors in deciding whether a stay is appropriate: '(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *Ritchie Capital Mgmt., LLC v. GE Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (quoting *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (granting motion to stay action pending JPML determination of motion to transfer and consolidate related cases).  Here, the interests of judicial economy and efficiency, coupled with consideration of any hardships to the parties, support granting a short stay pending a ruling from the JPML.

 As a threshold matter, "[i]t is common for courts to stay an action pending a transfer decision by the JPML." *Ritchie*, 87 F. Supp. 3d at 471.[2]  This case is no differently positioned than

---

[2] *Accord Royal Park*, 941 F. Supp. 2d at 370, 373-74 (collecting cases for the proposition that "where a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML," including where plaintiffs "were pressing for immediate resolution" of preliminary motions, and granting motion to stay); *Lee v. Equifax Info. Servs.*, No. 18-cv-3133, 2018 U.S. Dist. LEXIS 234885, at *2 (E.D.N.Y. Aug. 6, 2018) (staying action pending JPML determination as to whether case should be transferred to MDL, noting that "[a]s defendant

any of the others stayed by federal courts pending motions for MDLs.  In such cases, as here, the above-described factors weighed in favor of a stay.

*First*, Plaintiffs will not be prejudiced by a stay, as any stay would be brief, extending only through the JPML's final determination of whether the instant action (and/or the other three actions subject of the Joint Report) will be transferred to an MDL.  Briefing before the JPML is due to be completed on June 24, 2020 (*i.e.*, in eight days), and the JPML is likely to reach a determination on or around July 30, 2020, *i.e.*, less than two months from the submission of this Supplement to the Joint Report.  *See* MDL No. 2950, Rec. Doc. 3.  As courts in this District have repeatedly recognized, stays of such brief duration cause no prejudice to Plaintiffs.  *See, e.g.*, *Ritchie*, 87 F. Supp. 3d at 471 (granting motion to stay where JPML was scheduled to meet within three weeks "and is likely to resolve [the MDL motion] promptly," holding that "[a] short stay will not prejudice plaintiffs"); *Royal Park*, 941 F. Supp. 2d at 372 (granting motion to stay, reasoning that "the JPML is scheduled to hear Plaintiff's motion on the next available date," a mere 48 days from the court's decision, and noting that "[c]ourts have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff"); *Animal Sci. Prods. v. Hebei Welcome Pharm. Co. Ltd.*, No. CV-05-453, 2005 U.S. Dist. LEXIS 38214, at *2-3 (E.D.N.Y. Dec. 22, 2005) (granting motion to stay where JPML was scheduled to hear oral argument on an MDL application 34 days from the court's order, reasoning that "any stay relative to the [JPML's] decision will be relatively short in duration and will not

correctly observes … where, as here, an MDL proceeding has been established, courts in this and other circuits have 'routinely' granted applications to stay the proceedings … pending action by the JPML."); *Pierre v. Prospect Mortg., LLC*, No. 13 Civ. 453, 2013 U.S. Dist. LEXIS 156005, at *6 (N.D.N.Y. Oct. 31, 2013) (granting motion to stay pending JPML determination on consolidation, noting that "it is rather common for courts to stay cases pending a motion for MDL.")).

SUPPLEMENT TO JOINT REPORT

prejudice plaintiffs"); *see also, e.g., Rosenfeld v. Hartford Fire Ins. Co.*, No. 88 Civ. 2153, 1988 U.S. Dist. LEXIS 4068, at *4 (S.D.N.Y. May 12, 1988) (staying case pending JPML decision on motion filed one month earlier, because "[w]hile [plaintiffs] may suffer some initial delay, once the cases are coordinated … more time may well be saved than was lost.").  The lack of prejudice to Plaintiffs is particularly evident here, where the four cases subject of the Joint Report were only recently assigned to Your Honor, and Chase's deadline to respond to the Complaint in the instant action is not until August.

*Second*, a stay is necessary to avoid prejudice to Chase, particularly with respect to the burdensome and voluminous discovery Plaintiffs propose even before Chase has responded to the Complaint and the claims being made.  As courts uniformly have recognized, individual litigation of cases in the face of a potentially impending MDL increases the risk of significant duplication of effort, inconsistent rulings, re-litigation of issues, and wasted resources.  *See, e.g., Ritchie*, 87 F. Supp. 3d at 471 (recognizing that "if the case is not stayed, [Defendant] will potentially face duplicative proceedings and inconsistent or inefficient discovery regimes," whereas "[a] stay assures that discovery will not commence in multiple proceedings until the MDL panel has ruled on whether consolidation is merited"); *Royal Park*, 941 F. Supp. 2d at 372 ("Courts have expressed concerns that 'any decisions made before the [JPML] rules on the transfer application could be contradicted by another court or might need to be relitigated.'") (quoting *Animal Sci. Prods.*, 2005 U.S. Dist. LEXIS 38214, at *2); *Rosenfeld*, 1988 U.S. Dist. LEXIS 4068, at *4 (reasoning that "[t]he defendants would be enormously burdened if they were forced to submit answers, to answer interrogatories, to produce documents, and to reply to class certification and other motions separately on all twenty actions.  If these two cases are not stayed, the defendants certainly would be required to duplicate much work.").  Here, the risk of hardship to Chase from duplicative

7

discovery and motion practice is significant, and greatly outweighs the Plaintiffs' general interest in speeding forward without regard to the potential for an MDL.  Indeed, under Plaintiffs' proposed schedule (which Chase contends is unfeasible and respectfully requests that this Court reject), class discovery will be almost entirely complete by July 30, when the JPML can be expected to rule on the MDL—defeating the very point of coordination among similar class actions.  The ongoing impacts, delays, and logistical challenges associated with the COVID-19 pandemic should also be considered on this factor, and without a doubt proceeding swiftly notwithstanding the potential for an MDL will prejudice Chase.

*Third*, the interests of the courts and judicial economy favor of a stay.  "[C]ourts in this circuit have recognized that stays pending transfer '… conserve judicial resources, one of the fundamental goals of multidistrict litigation practice.'" *Royal Park*, 941 F. Supp. 2d at 373 (citation omitted); *Lee*, 2018 U.S. Dist. LEXIS 234885, at *4 ("In addition to conserving defendant's resources, a stay will also conserve judicial resources….").  In notifying the JPML of these cases by filing a Notice of Related Actions, attached hereto as Exhibit 1, Plaintiffs effectively concede that judicial economy favors coordination.  By pushing forward with discovery while a JPML decision is pending, this Court may expend valuable judicial resources familiarizing itself with a case that may ultimately be bound for another federal district.

The fourth and fifth factors—*i.e.*, the interests of persons not parties to the civil litigation and the public interest—likewise favor a stay.  Particularly in this time of COVID-19, when judicial resources are stretched thin and the courts face a deluge of matters requiring immediate attention, the interests of other litigants and the public weigh against a judge expending significant time on a matter that may ultimately be transferred elsewhere.  Even in ordinary times, "a stay serves the judicial and public interest in letting the *JPML decide* if the interests in efficiency and economy

8

_____

favor consolidation and transfer." *Ritchie*, 87 F. Supp. 3d at 471 (emphasis added, citing 28 U.S.C. § 1407). Barreling forward in the face of a pending determination by the JPML would serve no legitimate public interest here, and indeed would flout Congress's intent that litigation of related actions across multiple Districts be coordinated.

For these reasons, Chase respectfully submits that a brief stay pending the JPML's ruling, expected later this summer, is warranted.

**<u>Plaintiffs' Position</u>**

Plaintiffs oppose Chase's request to stay the proceedings. First, Plaintiffs oppose the request because Chase's position is inconsistent with the intent of Chase and the other Defendants to oppose the JPML request to coordinate the agent fee cases. If the JPML denies the coordination motion, these cases would simply proceed before this Court and the stay will have unnecessarily delayed the action.

Chase's position is also inconsistent with the actions other banks have taken in proceeding with litigation instead of waiting for the JPML's decision on coordination. For instance, in a PPP non-payment case, Citibank has not sought a stay in *American Video Duplicating Inc. et al v. Citigroup Inc. et. al*., 2:20-cv-03815-ODW-AGR (C.D. Cal.). Instead, Citibank filed a motion to dismiss on June 15, 2020 (Dkt. 83), only 3 days after being served with the First Amended Complaint (Dkt. 80). Similarly, Regions Bank filed a motion to dismiss in *Leigh King Norton & Underwood LLC v. Regions Fin. Corp., et. al.*, 2:20-cv-00591-ACA (N.D. Ala.).

Even if the JPML coordinates the actions and assigns them to a single court, at least some of the parties appearing before the JPML are advocating that this Court receive the assignment to oversee the ensuing MDL. If the JPML panel assigns the MDL action to this Court, swift and timely activity in these cases will only benefit all cases transferred to this Court.

9

And even if the JPML orders coordination over Defendants' objection and assigns the coordination action to some other court, no stay is necessary.  Defendants will not be put at any legally cognizable disadvantage by any litigation that may take place between now and when the JPML panel issues a coordination order and assigns the MDL.  Any orders this Court makes between now and that date will relate to discovery that will ultimately proceed against these Defendants, irrespective of any subsequent decision to coordinate these actions into a coordinated MDL.  At the very least, it is premature to predict that this Court will make dispositive decisions that otherwise would be made by a coordinating MDL judge.  And Chase and the other Defendants already have control over when the Court will decide any dispositive motions because they control the timing for the filing of dispositive motions.

There is no reason why discovery cannot expeditiously proceed on these four cases, because Chase (and the other Defendants) are not prejudiced by having to do now what they will have to do later.  This premise is especially true because even if the JPML coordinates the actions and assigns the MDL to some other court, the cases will eventually return to this Court for trial. Establishing an expeditious schedule now will only serve the Court's and the parties' primary purposes of timely resolving these cases.  Accordingly, Plaintiffs oppose Chase's requested stay.

## **CONCLUSION**

The parties are prepared to address their respective positions on the foregoing issues at the June 23, 2020 conference, and to answer any questions the Court may have.  We thank the Court for its attention to this matter.

Dated: June 16, 2020                    Respectfully submitted,

/s/Elaine S. Kusel
Elaine S. Kusel
esk@mccunewright.com
**McCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs*

/s/ Sylvia E. Simson
Sylvia E. Simson
simsons@gtlaw.com
Keith Hammeran
hammerank@gtlaw.com
Noah Lindenfeld
lindenfeldn@gtlaw.com
**GREENBERG TRAURIG**
200 Park Avenue, 39th Floor, Suite 39-36
New York, New York 10166
Telephone: (212) 801-9275
Facsimile: (212) 801-6400

*Attorneys for Defendant JPMorgan Chase Bank,
N.A., and Specially Appearing Defendant JPMorgan
Chase & Co.*

SUPPLEMENT TO JOINT REPORT

# EXHIBIT 1

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

In Re: PAYCHECK PROTECTION PROGRAM
(PPP) AGENT FEES LITIGATION

MDL NO. 2950

This document relates to:
ALL ACTIONS

## NOTICE OF RELATED ACTIONS

In accordance with Rule 6.2(d) of the Rules of Procedure for the United States Judicial

Panel on Multidistrict Litigation Plaintiffs James Quinn, Fahmia, Inc., and Prinzo & Associates,

LLC, hereby notify the Panel of the potentially related actions listed on the attached Schedule of

Actions.

The operative complaints and docket sheets for the foregoing actions are attached hereto

as exhibits.


DATED:  June 10, 2020

*s/ Richard D. McCune*
Richard D. McCune
**McCune Wright Arevalo LLP**
3281 Guasti Road Suite 100
Ontario, CA 91761
909-557-1250
Fax: 909-557-1275
Email: rdm@mccunewright.com


*Counsel for the Plaintiffs James Quinn, Fahmia,
Inc., and Prinzo Associates, LLC*

**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| In Re: PAYCHECK PROTECTION PROGRAM (PPP) AGENT FEES LITIGATION | |
|---|---|
| | MDL NO. 2950 |
| This document relates to: ALL ACTIONS | |

**SCHEDULE OF ACTIONS**

| Plaintiff(s) | Defendant(s) | District | Civil Action No. | Judge Assigned |
|---|---|---|---|---|
| James Quinn; Fahmia, Inc.; Prinzo & Associates, LLC | JPMorgan Chase Bank, N.A., d/b/a Chase Bank; JPMorgan Chase & Co. | S.D.N.Y. | 1:20-cv-04100-JSR | Hon. Jed S. Rakoff |
| James Quinn | Signature Bank Corp.; Signature Bank; Signature Financial LLC | S.D.N.Y. | 1:20-cv-04144-JSR | Hon. Jed S. Rakoff |
| Fahmia, Inc. | MUFG Americas Holding Co.; MUFG Union Bank, N.A. | S.D.N.Y. | 1:20-cv-04145-JSR | Hon. Jed S. Rakoff |
| Fahmia, Inc. | Citibank, N.A.; Citigroup, Inc. | S.D.N.Y. | 1:20-cv-04146-JSR | Hon. Jed S. Rakoff |
| Ratliff CPA Firm, PC, a South Carolina Professional Corporation | First-Citizens Bank & Trust Company | Dist. S. Car. (Charleston Division) | 2:20-cv-02041-BHH | Hon. Bruce Howe Hendricks |
| Prinzo & Associates, LLC | BMO Harris Bank, N.A.; BMO Financial Corp. | N.D. Ill. (Eastern Division) | 1:20-cv-03256-GF | Hon. Gary Feinerman |
| Fahmia, Inc. | Zions Bancorporation, N.A. | C.D. Cal. | 2:20-cv-05104-JAK-PVC | Hon. John A. Kronstadt |

DATED: June 10, 2020

*s/ Richard D. McCune*
Richard D. McCune
**McCune Wright Arevalo LLP**
3281 Guasti Road Suite 100
Ontario, CA 91761
909-557-1250
Fax: 909-557-1275
Email: rdm@mccunewright.com

*Counsel for the Plaintiffs James Quinn, Fahmia, Inc., and Prinzo Associates, LLC*