```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- x
JAMES QUINN, FAHMIA, INC., and         :
PRINZO & ASSOCIATES, LLC,              :
individually and on behalf of all      :
others similarly situated,             :
                                       :
                      Plaintiffs,      :
                                       :      20-cv-4100 (JSR)
            -v-                        :
                                       :
JPMORGAN CHASE BANK, N.A., doing       :
business as CHASE BANK, JPMORGAN       :
CHASE & CO., and DOES 1 through        :
100,                                   :
                                       :
                      Defendants       :
-------------------------------------- x
JAMES QUINN, individually and on       :
behalf of all others similarly         :
situated,                              :
                                       :
                      Plaintiff,       :
                                       :      20-cv-4144 (JSR)
            -v-                        :
                                       :
SIGNATURE BANK and DOES 1 through      :
100,                                   :
                                       :
                      Defendants.      :
-------------------------------------- x
FAHMIA, INC., individually and on      :
behalf of all others similarly         :
situated,                              :
                                       :
                      Plaintiff,       :
                                       :      20-cv-4145 (JSR)
            -v-                        :
                                       :
MUFG AMERICAS HOLDING CO., MUFG        :
UNION BANK, B.A., and DOES 1           :
through 100,                           :
                                       :
                      Defendants.      :
-------------------------------------- x
FAHMIA, INC., individually and on      :
behalf of all others similarly         :
situated,                              :
                                       :
                      Plaintiff,       :      20-cv-4146 (JSR)
                                       :
            -v-                        :
                                       :         ORDER
                                       :         _____
CITIBANK, N.A., CITIGROUP INC., and    :
DOES 1 through 100,                    :
                      Defendants.      :
-------------------------------------- x
```

-1-

Jed S. Rakoff, U.S.D.J.

This will confirm in writing the orders orally issued by the Court during the initial pre-trial conference held telephonically earlier today.

1. For the reasons stated by the Court on the telephone, <u>see</u> Transcript dated June 23, 2020 (which the Court will also elaborate in a brief Memorandum that it will issue shortly), the Court denies the request by defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. to stay the proceedings until the Judicial Panel on Multidistrict Litigation rules on a petition, filed on May 22, 2020, to consolidate all agent fee-related cases arising out of the Paycheck Protection Program ("PPP"). <u>See</u> <u>In re Paycheck Protection Program Agent Fees Litig.</u>, MDL No. 2950.

2. For the reasons also stated by the Court during the telephonic conference, <u>see</u> Transcript dated June 23, 2020, the above-captioned four cases are consolidated for all pre-trial purposes. However, any party may, at a later stage, apply for reconsideration if such consolidation proves too unwieldy.

3. After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure.

   A. The case <u>is</u> to be tried to a jury.

B. Rule 26(a) required disclosures shall be exchanged no later than July 3, 2020.

C. Joinder of additional parties must be accomplished by July 6, 2020.

D. Amended pleadings may be filed without leave of Court until July 6, 2020.

E. The parties shall submit a joint protective order (to be modeled after the model protective order available at the Court's website) and ESI protocols on or before June 30, 2020, or, if they are unable to reach an agreement, shall call Chambers jointly pursuant to Rules 1 and 2 of the Court's Individual Rules of Practice by no later than June 30, 2020 at 5:00 p.m. to resolve any dispute(s).

F. Briefs on any motions to dismiss must be filed and served on the following schedule: moving papers due July 10, 2020, answering papers due July 24, 2020, and reply papers due July 31, 2020. Defendants may submit a joint memorandum, not to exceed 30 double-spaced pages, in support of their motions, as well as supplemental memoranda, not to exceed 10 double-spaced pages each, in support of their motions addressing issues unique to each action. Plaintiffs shall submit a joint memorandum, not to exceed 30 double-spaced pages, responding to defendants' joint memorandum, and shall also submit supplemental memoranda, not to exceed 10 double-spaced pages each, responding to

defendants' supplemental memoranda. Defendants shall submit a joint reply memorandum, not to exceed 10 double-spaced pages, and supplemental reply memoranda, not to exceed 5 double-spaced pages each. Additionally, on the same date that any papers are served and filed, counsel filing and serving the papers must arrange to deliver courtesy non-electronic hard copies to the Courthouse for delivery to Chambers.

G. Oral argument on the aforesaid motions to dismiss shall be held on August 7, 2020 at 11:00 a.m. in Courtroom 14B, provided that the Court will inform the parties no later than July 31, 2020 if argument will instead proceed telephonically at that time because of the pandemic situation. The Court will issue its ruling on the motions in writing by no later than August 17, 2020.[1]

H. Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

i.  Documents. First request for production of documents, if any, must be served by June 30, 2020. Further document requests may be served as required, but no document

---

[1] In their written reports submitted prior to today's hearing, to be docketed, the parties have submitted proposed schedules regarding class certification deadlines. As stated during the conference held earlier today, the Court will set the schedule for class certification deadlines shortly after the Court issues its decision on the motions to dismiss.

request may be served later than 30 days prior to the date of the close of discovery as set forth in item xi below.

  ii. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by <u>June 30, 2020</u>. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

  iii. <u>Experts</u>. Every party-proponent of a claim (including any counterclaim, cross-claim, or third- party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>October 1, 2020</u>. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by <u>October 15, 2020</u>. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

iv.     <u>Depositions</u>. All depositions (including any expert depositions, see item iii above) must be completed by <u>October 22, 2020</u>, but may not commence until after the Court issues its written opinion on the motions to dismiss (as discussed above in item D).[2] Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

v.      <u>Requests to Admit</u>.  Requests to Admit, if any, must be served by <u>September 22, 2020</u>.

vi.     All discovery is to be completed by <u>October 22, 2020</u>. Interim deadlines for items i-v above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

---

[2] In all other respects, discovery is not stayed and is to commence immediately. <u>See</u> Transcript dated June 23, 2020. In light of the pandemic, if any employee or officer of any defendant bank who is involved in administering PPP loans becomes overly burdened with discovery demands, counsel for such defendant shall call Chambers jointly with plaintiffs' counsel to make an application for relief.

I. Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item G.vi above) and provided that the moving papers are served and filed by November 5, 2020, answering papers by November 18, 2020, and reply papers by November 30, 2020.

J. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on December 7, 2020 at 4:00 p.m., at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

K. All motions and applications shall be governed by the Court's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

Dated:   New York, NY
         June 23, 2020                        _____
                                              JED S. RAKOFF, U.S.D.J.