```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JAMES QUINN, FAHMIA, INC., and       :
PRINZO & ASSOCIATES, LLC,            :
individually and on behalf of all    :
others similarly situated,           :
                   Plaintiffs,       :
                                     :      20-cv-4100 (JSR)
            -v-                      :
                                     :
JPMORGAN CHASE BANK, N.A., doing     :
business as CHASE BANK, JPMORGAN     :
CHASE & CO., and DOES 1 through      :
100,                                 :
                   Defendants        :
------------------------------------x
JAMES QUINN, individually and on     :
behalf of all others similarly       :
situated,                            :
                   Plaintiff,        :
                                     :      20-cv-4144 (JSR)
            -v-                      :
                                     :
SIGNATURE BANK and DOES 1 through    :
100,                                 :
                   Defendants.       :
------------------------------------x
FAHMIA, INC., individually and on    :
behalf of all others similarly       :
situated,                            :
                   Plaintiff,        :
                                     :      20-cv-4145 (JSR)
            -v-                      :
                                     :
MUFG AMERICAS HOLDING CO., MUFG      :
UNION BANK, B.A., and DOES 1         :
through 100,                         :
                   Defendants.       :
------------------------------------x
FAHMIA, INC., individually and on    :
behalf of all others similarly       :
situated,                            :
                   Plaintiff,        :      20-cv-4146 (JSR)
                                     :
            -v-                      :
                                     :      MEMORANDUM
CITIBANK, N.A., CITIGROUP INC., and  :
DOES 1 through 100,                  :
                   Defendants.       :
------------------------------------x
```

Jed S. Rakoff, U.S.D.J.

As confirmed in the Order dated June 23, 2020, the Court has denied the request by defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, "Chase") to stay their case until the Judicial Panel on Multidistrict Litigation ("JPML") rules on a petition, dated May 22, 2020, to consolidate all "agent fee" cases arising out of the Paycheck Protection Program ("PPP"). The reasons for the denial were stated on the record during the telephonic conference in these cases on June 23, 2020. See Transcript dated June 23, 2020. But since it is sometimes said that stays in such circumstances are customary, it seems appropriate to elaborate in writing the reasons for the denial.

By way of background, the above-captioned cases were assigned to the undersigned on May 29, June 8, June 8, and June 9, 2020, respectively. Outside of the Southern District of New York, there are 31 other PPP agent fee cases pending against at least 120 defendants across the country. On May 22, 2020, Alliant CPA Group LLC, plaintiff in one of the agent fee actions outside of this district, filed a petition with the JPML to consolidate all agent fee cases in the Northern District of Georgia. See In re Paycheck Protection Program Agent Fees

Litig., MDL No. 2950. On June 10, plaintiffs in the instant four cases filed a notice advising the JPML that these four cases are within the scope of the MDL petition. The relevant parties in front of the JPML are currently briefing the petition, but the JPML has not yet set the date and time for a hearing on the petition.

In the first filed of the four cases before this Court, case number 20-cv-4100, Chase requested the Court to stay the case, arguing that, as one judge in this District has stated, "[i]t is common for courts to stay an action pending a transfer decision by the JPML." Ritchie Capital Mgmt., LLC v. GE Capital Corp., 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015). Plaintiffs opposed.

One need not just rely on the truism that excessive delay is the bane of the American legal system to recognize that such a stay would be harmful here, for many reasons:

First, the plaintiffs here, an accountant and two small CPA firms, allege they are due substantial monies from the bank defendants for plaintiffs' roles in assisting borrowers in implementing the PPP program put in place in response to the COVID-19 pandemic. Given the economic pressures brought about by

that pandemic, plaintiffs have an obvious interest in having these cases proceed expeditiously.

Second, the JPML has not yet even calendared the petition for argument, and the parties anticipate that the earliest it will be heard is July 30. So, granting a stay means putting these cases on total hold for weeks or months.

Third, the JPML may well deny the petition. Over the last five years, the JPML has denied petitions for centralization in 60 percent of the cases.[1] Further still, of the 40 percent of petitions that were granted, many were unopposed, whereas here there is substantial opposition to centralization. Accordingly, as a mere matter of probabilities, the petition has a meaningful possibility of being denied, in which case significant time would have been totally wasted if a stay had been granted.

Fourth, even assuming that the petition is granted, it will be helpful for the four cases before this Court to move

---

[1] Over the last five years, 318 petitions for MDL centralization were filed, but only 127 of them (i.e., just shy of 40 percent) were granted. See United States Judicial Panel on Multidistrict Litigation, Calendar Year Statistics: January Through December 2019, available at http://www.jpml.uscourts.gov/sites/jpml/files/JPML_Calendar_Year_Statistics-2019_1.pdf.

forward in the meantime.[2] Contrary to speculations often voiced, this Court's prior experience in presiding over MDL cases has shown that, if one or more parties has moved forward in individual proceedings prior to consolidation, the MDL judge actually benefits. This is because the preliminary disputes arising in these earlier proceedings enable the MDL judge to quickly learn what kinds of discovery and other pre-trial issues are likely to arise in the now-centralized cases, and, more generally, to get a feel for what these cases are really about.

Fifth, once again contrary to frequently voiced claims of "duplication" and "wasted effort," it is this Court's experience that no party materially suffers from the fact that some initial motion practice or discovery has transpired before the MDL takes effect. On the contrary, it helps to move the cases forward. This is because, while MDL consolidation in appropriate cases undoubtedly saves time and expense for the litigation overall

---

[2] The mere pendency of a petition in the JPML does not, of course, mandate a stay. Indeed, Rule 2.1(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, entitled "Pendency of Motion or Conditional Order," states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."

(as well as enhancing uniformity), the modest amount of litigation that has already transpired in individual cases preceding the granting of an MDL petition is not only, as indicated above, quite helpful to the MDL judge in administering the cases, but also, by that very fact, ultimately saves the parties time and expense as well.

For all these reasons, Chase's request to stay their case until the JPML decides the consolidation petition was denied.

Dated:   New York, NY

        June 24, 2020                                JED S. RAKOFF, U.S.D.J.