**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------

| | |
|---|---|
| Quinn, et al. v. JPMorgan Chase Bank, N.A., et al. | 1:20-CV-04100-JSR |
| Quinn v. Signature Bank Corp. et al. | 1:20-CV-04144-JSR |
| Fahmia, Inc. v. MUFG Americas Holding, Co., et al. | 1:20-CV-04145-JSR |
| Fahmia, Inc. v. Citibank, N.A. et al. | 1:20-CV-04146-JSR |
| Johnson v. JPMorgan Chase Bank, N.A. et al. | 1:20-CV-04858-JSR |

(HON. JED S. RAKOFF)

--------------------------------------------------------------------

## STIPULATED CONFIDENTIALITY AGREEMENT
## AND PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of these actions, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the Parties to these actions, their representatives, agents, experts and consultants, all third parties providing discovery in these actions, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1.     Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in these actions) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.     The Party or person producing any given Discovery Material may designate as Confidential only such material that consists of:

1

(a)     previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)     previously nondisclosed material relating to ownership or control of any non-public company;

(c)     previously nondisclosed business plans, product development information, or marketing plans;

(d)     any information of a personal or intimate nature regarding any individual;

(e)     any information that would be protected under the Federal Rules of Civil Procedure and/or any other applicable law in the absence of this stipulated protective order, including but not limited to Federal Rule 26(c)(1)(g) as "trade secret" or "confidential research, development, or commercial information"; or

(f)     any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing person or that person's counsel may designate such portion as Confidential by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; or (b) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD). Where only a portion of a document has been designated as Confidential, the Producing Party shall produce for future public use another copy of said Discovery Material with the confidential information redacted.

2

4.     A Producing Party or its counsel may designate deposition exhibits or testimony within deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter; or (b) notifying the reporter and all counsel of record, in writing, within 10 days after a deposition has concluded, of the specific pages and lines of the transcript as well as the deposition exhibits that are to be designated Confidential, in which case all counsel receiving the transcript and its exhibits will be responsible for marking the copies in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 10-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential as well as all of its exhibits.

5.     If at any time prior to the termination of these actions, a Producing Party realizes some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, the Producing Party may so designate such material by apprising all Parties in writing and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6.     No person subject to this Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person whomsoever, except to:

(a)     the Parties to these actions;

(b)     counsel retained specifically for these actions, including any paralegal, clerical and other assistant employed by such counsel and assigned to these matters;

3

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to these matters;

(d)    as to any document, its author, its addressee, any other person indicated on the face of the document as having received a copy (or in the case of meeting minutes, presentations, and other similar materials, an attendee or presenter at the meeting), or any other person who counsel has a good faith basis to believe previously received the document in the normal course of business and/or in the course of their employment for a Party;

(e)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in these actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with these actions, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)    stenographers or court reporters engaged to transcribe depositions conducted or testimony given in these actions;

(h)    the Court, including any appellate court, its support personnel, and court reporters;

(i)    the Parties' insurers and insurers' counsel participating in matters relating to these actions and their legal, clerical, or support staff, including temporary or contract staff; and

(j)    any mediator or arbitrator engaged by the Parties, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

7.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(e), (f) or (j), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.      All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The Parties will use their best efforts to minimize such sealing.  In any event, any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

9.      Any Party who either objects to any designation of confidentiality, or who, by contrast, requests an expansion of the categories set forth in Paragraph 2 of this Order or still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trials of these actions serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Discovery Material or information contained in any Confidential Discovery Material submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15.     The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16.     The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information.  Nothing in this Order shall limit the right of any Party to request an in camera review of the Inadvertently Disclosed Information.

17.     This Protective Order shall survive the termination of the litigation.  Within 30 days of the final disposition of these actions, all Discovery Material designated as Confidential, and all copies thereof, shall be promptly returned to the Producing Party, or, upon permission of the Producing person, destroyed.

18.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/ Elaine S. Kusel
Elaine S. Kusel
esk@mccunewright.com
**McCUNE WRIGHT AREVALO, LLP**
One Gateway Center, Suite 2600
Newark, New Jersey  07102
Telephone: (973)-737-9981

Richard D. McCune (*Pro Hac Vice*)
rdm@mccunewright.com
Michele M. Vercoski
mmv@mccunewright.com
**McCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Derek Y. Brandt (*Pro Hac Vice*)
rdm@mccunewright.com
**McCUNE WRIGHT AREVALO, LLP**
231 North Main Street, Suite 20
Edwardsville, Illinois 62025
Telephone: (618) 307-6161

*Attorneys for Plaintiffs James Quinn, Fahmia, Inc.,
and Prinzo & Associates, LLC*


/s/ Jonathan D. Selbin
Jonathan D. Selbin
jselbin@lchb.com
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Michael W. Sobol (*Pro Hac Vice application
forthcoming*)
Roger N. Heller (*Pro Hac Vice application
forthcoming*)
Anne B. Shaver (*Pro Hac Vice application
forthcoming*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Gary Klinger (*Pro Hac Vice application
forthcoming*)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290

*Attorneys for Plaintiff Robin Johnson d/b/a CG
Johnson & Company*

/s/ Sylvia E. Simson
Sylvia E. Simson
simsons@gtlaw.com
Keith Hammeran
hammerank@gtlaw.com
Noah Lindenfeld
lindenfeldn@gtlaw.com
**GREENBERG TRAURIG**
200 Park Avenue, 39th Floor, Suite 39-36
New York, New York 10166
Telephone: (212) 801-9275
Facsimile: (212) 801-6400

Paul J. Ferak (*Pro Hac Vice*)
ferakp@gtlaw.com
**GREENBERG TRAURIG**
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

*Attorneys for Defendant JPMorgan Chase Bank,
N.A., and Specially Appearing Defendant
JPMorgan Chase & Co.*

/s/ Andrew Soukup
Andrew Soukup
asoukup@cov.com
**COVINGTON & BURLING, LLP (DC)**
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-5066
Facsimile: (202) 778-5066

Paul Fitzgerald Downs
pdowns@cov.com
**COVINGTON & BURLING, LLP**
The New York Times Building
New York, New York 10018
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

Ashley Simonsen (*Pro Hac Vice*)
asimonsen@cov.com

9

**COVINGTON & BURLING, LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Attorneys for Defendants MUFG Union Bank, N.A.,*
*and MUFG Americas Holding Co.*


/s/ Christopher J. Houpt
Christopher J. Houpt
choupt@mayerbrown.com
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2374

Lucia Nale (*Pro Hac Vice*)
lnale@mayerbrown.com
Thomas V. Panoff (*Pro Hac Vice*)
tpanoff@mayerbrown.com
Christopher S. Comstock (*Pro Hac Vice*)
ccomstock@mayerbrown.com
Andrew J. Spadafora (*Pro Hac Vice*)
aspadafora@mayerbrown.com
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606-7463
Telephone: (312) 782-0600

*Attorneys for Defendants Citibank, N.A. and*
*Citigroup Inc.*


/s/ Elizabeth Sacksteder
Elizabeth Sacksteder
esacksteder@paulweiss.com
**PAUL WEISS RIFKIND WHARTON &**
**GARRISON, LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3505
Facsimile: (212) 492-0505

*Attorneys for Defendant Signature Bank*

10

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, New York
         _____7 / 1_____, 2020

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------

| | |
|---|---|
| Quinn, et al. v. JPMorgan Chase Bank, N.A., et al. | 1:20-CV-04100-JSR |
| Quinn v. Signature Bank Corp. et al. | 1:20-CV-04144-JSR |
| Fahmia, Inc. v. MUFG Americas Holding, Co., et al. | 1:20-CV-04145-JSR |
| Fahmia, Inc. v. Citibank, N.A. et al. | 1:20-CV-04146-JSR |
| Johnson v. JPMorgan Chase Bank, N.A. et al. | 1:20-CV-4858-JSR |
| | (HON. JED S. RAKOFF) |

-------------------------------------------------------

### NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the

Protective Order in these actions governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential.  I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of the litigation of these

actions and that at the conclusion of the litigation I will return all discovery information to the

Party or attorney from whom I received it.  By acknowledging these obligations under the

Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Southern District of New York for the purpose of any issue or dispute

arising hereunder and that my willful violation of any term of the Protective Order could subject

me to punishment for contempt of Court.


DATED: _____          _____