UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Quinn, et al. v. JPMorgan Chase Bank, N.A., et al. | 1:20-CV-04100-JSR |
| Quinn v. Signature Bank Corp. et al. | 1:20-CV-04144-JSR |
| Fahmia, Inc. v. MUFG Americas Holding, Co., et al. | 1:20-CV-04145-JSR |
| Fahmia, Inc. v. Citibank, N.A. et al. | 1:20-CV-04146-JSR |
| Johnson v. JPMorgan Chase Bank, N.A. et al. | 1:20-CV-4858-JSR |

(HON. JED S. RAKOFF)

## STIPULATION AND PROPOSED ORDER REGARDING THE PRODUCTION OF PAPER DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Discovery requests and subpoenas served in the above-captioned litigation (the "Action") may call for the production of paper documents and/or electronically stored information ("ESI"). Accordingly, consistent with the Court's June 23, 2020 Order, the Parties hereby stipulate to and petition the Court to enter the following Stipulation Regarding the Production of Paper Documents and Electronically Stored Information (hereafter referred to as the "Order" or "Stipulation"). Nothing in this Stipulation is intended to limit any of the Parties' rights under, or prevent any party from asserting any objection to production consistent with, the Federal Rules of Civil Procedure, the Local Civil Rules for the Southern District of New York, and/or any other applicable law.

It is hereby stipulated by and between the Parties, through their respective counsel, as follows:

### I. PRODUCTION FORMAT OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

A. **Scope**

The procedures and protocols set forth in this Order shall govern the production format of paper documents or ESI in this Action, to the extent available. This Order does not govern any

1

procedures or criteria used to define or limit the scope of production such as identification and preservation of potentially responsive data types, custodian selection, or any technology-assisted culling or review processes, such as the use of keyword search terms, e-mail thread suppression, or predictive coding. Nothing in this Order establishes any agreement as to either the temporal or subject-matter scope of discovery in the Action. Nothing in this Order establishes any agreement as to any search or review protocol, including which sources shall be searched for responsive documents or ESI, including e-mail or instant messages, or how a responsive document is to be identified.

  B. **Paper Documents**. The Parties agree to produce paper documents according to the following protocol:

    1. All paper documents shall be produced as (1) TIFF images for black and white documents, and (2) JPG images for color documents. Such documents shall be accompanied by a cross-referenced load file, according to the specifications set forth in Section I.C. hereto. The Parties do not waive any existing right to make responsive documents available for inspection pursuant to Federal Rule of Civil Procedure 34.

    2. The Parties shall maintain the family relationships of paper documents by scanning and Bates-numbering those documents in sequential order. Each document shall be produced with the production number for the first and last page of that document in the "Beg_No" and "End_No" fields of the data load file and with the "Beg_Attach" and "End_Attach" fields listing the production number for the first and last page in the document family.

3. To the extent practicable, hardcopy Documents shall be unitized using logical document determinations or "LDD."

4. Where a Document or group of Documents has an identification spine, "post-it note," or any other label, the information on the label shall be scanned and produced to the extent practicable.

5. The metadata associated with each hardcopy Document shall include the Bates number, the custodian associated with that hardcopy Document, and any Confidential Designation or Redaction applied to that Document.

C. **Unstructured ESI.** The Parties will produce unstructured ESI (*i.e.*, electronic communications ("e-comms") and electronic documents ("e-docs")) according to the following protocol:

1. Except as provided in Section I.C. herein, all unstructured ESI shall be produced in TIFF format. All TIFF-formatted documents will be single page, in black and white, with Group 4 TIFF at 300 x 300 dpi resolution, and on 8 1/2 x 11 inch page size.

2. An image load file in standard format identifying the Bates number of each page, the appropriate unitization of the documents, and the entire family range, will accompany each TIFF document.

3. Each TIFF version of an electronic document will be created directly from the corresponding native file, except in cases where files are produced in native format, in which case the TIFF version will be a slip-sheet indicating that the file was "Document Produced in Native Format."

4.  The following metadata fields associated with e-comms and e-docs will be produced, although each of the Parties reserves the right to object to the manual generation of information to populate any of the metadata fields and/or any burden associated with the retrieval or accessibility of any metadata. In the absence of any such objection, the Parties will produce the following metadata fields for electronic documents:

   a. BEG_NO (Bates number associated with first page of document)

   b. END_NO (Bates number associated with last page of document)

   c. BEG_ATTACH (Bates number associated with the first page of the attachment)

   d. END_ATTACH (Bates number associated with the last page of the attachment)

   e. ATTACH_RANGE (Attachment range for parent and children)

   f. NUMBER OF ATTACHMENTS (Number of attached, embedded or grouped items)

   g. CUSTODIAN (Relevant custodian associated with each document)

   h. FILE_EXT (File extension of native document)

   i. FILE SIZE (Kilobytes of the source native file)

   j. MD5HASH (MD5 Hash value of the document)

4

k.  FILE NAME (Original file name)

l.  AUTHOR (Author of document)

m.  DATE CREATED (date the document was created unless otherwise moved or modified during the normal course of business)

n.  DATE_LAST_MOD (Date file was last modified: mm/dd/yyyy)

o.  TIME_LAST_MOD (Time file was last modified)

p.  TITLE (Any value populated in the Title field of the source file metadata or item properties)

q.  SUBJECT (Any value populated in the Subject field of the source file metadata or document properties (e.g., subject line of email or calendar item)

r.  FROM (Sender of e-mail message)

s.  TO (Recipient(s) of e-mail message)

t.  CC (Recipient(s) of Carbon Copies of e-mail message)

u.  BCC (Recipient(s) of Blind Carbon Copies of e-mail message)

v.  DATE_SENT (Sent date of e-mail message: mm/dd/yyyy)

w.  TIME_SENT (Sent time of e-mail message)

    x.    DATE_RCVD (Received date of e-mail message: mm/dd/yyyy)

    y.    TIME_RCVD (Received time of e-mail message)

    z.    PGCOUNT (Number of pages in document)

    aa.    NATIVEPATH (Path to native file document)

    bb.    CONFID (Confidentiality designation)

    cc.    SORT_DATE (Combined sent date and time of e-mail message)

    dd.    TEXT PATH (Full relative path to the location of the document-level text file)

    ee.    REDACTED (User-generated field that will indicate redactions with the word "REDACTED." Otherwise, blank)

5. The Parties agree to produce e-mail families intact, absent a claim of privilege, work product, or other applicable protection, so long as each family contains responsive information. To the extent the e-mail or one or more attachments is privileged or partially-privileged, the non-privileged documents shall be produced. The privileged documents shall be represented by slip-sheets indicating that they were withheld. The partially-privileged documents will be produced with redactions.

6. To the extent reasonably practicable, all dynamic date and time fields, and all metadata pertaining to dates and times, to the extent they contain a value, will be standardized to Greenwich Mean Time ("GMT").

7. The following processing specifications shall apply to ESI produced in TIFF:

   a. Word Processing Documents

      (i) Track changes and revisions in word processing documents will be included in the TIFF image.

      (ii) Word processing documents will be processed to include headers and footers.

      (iii) All date, time, and filename macros will be displayed as the macro field code.

   b. PowerPoint

      (i) PowerPoint presentations will be processed to show hidden slides and speaker's notes.

   c. Compressed / Zipped Files

      (i) All compressed or zipped ESI shall be unzipped or decompressed before production.

   d. Embedded Files and Links

      (i) To the extent a responsive, non-privileged electronic file contains embedded files or links to other files, the embedded and linked files do not need to be produced initially, but may be produced upon request consistent with the parameters and limitations of the Federal Rules of Civil Procedure, the Local Civil Rules for the Southern District of New York, and/or any other applicable law.

    (ii) Some Microsoft Office and .RTF files may contain embedded objects. Such objects typically are the following file types: Microsoft Excel, Word, PowerPoint, Project, Outlook, Access, and PDF. Subject to claims of privilege and immunity, as applicable, objects with those identified file types shall be extracted as separate files and shall be produced as attachments to the file in which they were embedded unless otherwise subject to an exception provided within this Stipulation.

 e. Decryption

    (i) The Parties will make good faith and reasonable efforts to remove encryption from native files prior to production. If a party cannot remove the encryption from a file, the party will provide a placeholder TIFF image indicating that the file was encrypted.

D. **Redactions**. The Producing Party shall also make reasonable efforts to ensure that any spreadsheets produced only as TIFF images because of redactions are formatted so as to be legible. For redacted items which were originally ESI, all metadata fields noted in this protocol that do not contain privileged or protected information will be provided and will include all non- redacted data. A document's status as redacted does not relieve the producing party from providing all of the metadata required herein.

E. **Production of Native Files**

   1. The Parties agree that Microsoft Excel, CSV, audio, and video files will be produced in native format. This may not constitute a complete list of files for native production and does not preclude the Parties from producing other files natively where appropriate. All other documents will be produced in the format as set forth in Section I.C.

   2. Any produced native file will be named according to its beginning Bates number, and will be accompanied by a slip-sheet that reads "Document Produced in Native Format." The Parties may designate native documents as confidential via slip-sheets.

F. **Production of Structured ESI.**

   1. Responsive and non-privileged raw data kept in structured databases that are maintained in the normal course of business will be produced in an electronic format. To the extent such databases exist and contain information that is reasonably available, raw data from those types of databases will be produced in database or delimited text file format, as database reports. This Order does not obligate the Producing Party to create reports in a format not already available in any structured data source. To the extent a response to a non-objectionable discovery request requires production of discoverable electronic information contained in a database, the parties will meet and confer to discuss production format, which may include an export of data.

9

G. **Production of Redacted Documents.**

1. To the extent that any document produced in TIFF form contains information that is redacted, such documents shall be produced in the form of a redacted TIFF image, with the extracted text pulled from the redacted TIFF image. The redaction shall not obscure any other text. For documents produced in native form, the Producing Party may elect to remove redacted information and indicate where in the native document that redaction has occurred.

2. The Producing Party reserves the right to redact or withhold from production personally identifiable information ("PII") and/or non-relevant, proprietary information. Such redactions will be identified by text that reads "Redacted," as opposed to privilege redactions which will be identified by text that reads "Redacted–Privileged." If the document is being withheld rather than redacted due to the amount of PII or non-relevant, proprietary information contained therein, a slip-sheet will be produced in its place that reads "Document Withheld for Confidentiality." Each Party reserves its rights to object to any such redaction or withholding.

H. **No Production Required.** The Parties may exclude from collection, review, and production ESI or data with file extensions that are not able to be processed or natively viewed by standard means or typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including but

not limited to: ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp.

I. **Bates Numbers.**

    1. Bates numbers and any confidentiality designations should be electronically branded on each produced image, or as otherwise provided in any discovery confidentiality order and/or protective order concerning protection of confidential or otherwise sensitive information that may be entered by the Court.

    2. Each page of a produced image shall have a legible, unique Bates number that includes an alphabetic prefix followed by a fixed number of digits, *i.e.*, ABC00000001, electronically "burned" onto the image at a location that does not obliterate or obscure any information from the source document. Each image page or native file assigned a Bates number shall be assigned a sequential number that is unique and maintains a constant length across the entire document production. No other legend or stamp will be placed on the document image other than confidentiality legends (where applicable) or redactions.

II. **DE-DUPLICATION**

    A. A Party is only required to produce a single copy of a responsive document or family of documents. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.

11

B.  If a Party de-duplicates ESI across custodians, the Party will produce the name of the custodian who possessed the document in the Custodian field.

C.  Parties may not withhold documents on the basis that other parties to the litigation have produced duplicative documents.

## III. CONFIDENTIALITY

This Order incorporates by reference any confidentiality and/or protective order concerning protection of confidential or otherwise sensitive information that may be entered by the Court. Nothing in this Stipulation shall supersede or alter any confidentiality and/or protective order entered by the Court.

## IV. METHOD OF PRODUCTION

A.  All productions of documents shall be accompanied with data load files and image load files. Each party shall provide data and image load files in standard format using standard delimiters.

B.  Based on prior agreement by the Parties, the Producing Party may produce materials by electronic transmission, such as FTP or secure file transfer. A production by electronic transmission shall be considered complete when made available to the Receiving Party. Alternatively, or in addition to production by electronic transmission, the Producing Party may produce materials on electronic storage media, such as hard drives or flash drives.

C.  To maximize the security of information in transit, any media on which documents are produced shall be encrypted by the Producing Party. In such cases, the Producing Party shall transmit the encryption key or password to the Requesting Party contemporaneously under separate cover with the encrypted

media. The Receiving Party agrees to follow reasonable standards in guarding access to the media and in complying with any applicable confidentiality order.

## V.      REIMBURSEMENT OF COSTS

Except as specifically addressed herein, this Order shall have no effect on any Producing Party's right to seek reimbursement for costs associated with collection, review, or production of paper documents or ESI.

## VI.     RESERVATION OF RIGHTS

Nothing in this Order shall be interpreted to require disclosure of non-relevant, proprietary information, or relevant information protected by attorney-client privilege, work product doctrine, bank examiner's privilege ("BEP"), suspicious activity reports ("SARs") protection, or any other applicable privilege or immunity that the Producing Party would otherwise not be required to produce in the action. The Parties reserve all objections as to the production, discoverability, admissibility, or confidentiality of paper documents or ESI.

Nothing in this Order is intended to be an exhaustive list of discovery obligations or rights of the Parties to the Action. Nothing in this Order may be construed as a waiver of a party's rights under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or Local Civil Rules of the United States District Court for the Southern District of New York (collectively, the "Rules"), including, but not limited to, its right to object to discovery requests. To the extent additional obligations or rights not addressed in this Order arise under the Rules or statute, the Rules or that statute shall be controlling. The Parties reserve all rights under the Rules, including Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

## VII.    INADVERTENT PRODUCTIONS

Information produced in discovery that is protected as privileged, or work product, or

immune from production such as documents containing BEP and SARs, shall be immediately returned to the Producing Party and its production shall not constitute a waiver of such protection, if: (i) such information appears to have been inadvertently produced; or (ii) the Producing Party provides notice within 30 days of discovery by the Producing Party of the inadvertent production.

## VIII. PRIVILEGE LOG

A categorical privilege log that complies with the requirements of Local Rule 26.2(c) will be provided by the Parties.

## IX. AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking in writing to the Court to amend this Order for good cause shown.

SO STIPULATED AND AGREED.

/s/ Elaine S. Kusel
Elaine S. Kusel
Richard D. McCune (*Pro Hac Vice*)
esk@mccunewright.com
rdm@mccunewright.com
**McCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiffs James Quinn, Fahmia, Inc., and Prinzo & Associates, LLC*

/s/ Jonathan D. Selbin
Jonathan D. Selbin
jselbin@lchb.com
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, New York 10013-1413

Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Michael W. Sobol (*Pro Hac Vice application forthcoming*)
Roger N. Heller (*Pro Hac Vice application forthcoming*)
Anne B. Shaver (*Pro Hac Vice application forthcoming*)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Gary Klinger (*Pro Hac Vice application forthcoming*)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290

*Attorneys for Plaintiff Robin Johnson d/b/a CG Johnson & Company*

/s/ Sylvia E. Simson
Sylvia E. Simson
simsons@gtlaw.com
Keith Hammeran
hammerank@gtlaw.com
Noah Lindenfeld
lindenfeldn@gtlaw.com
**GREENBERG TRAURIG, LLP**
200 Park Avenue, 39th Floor, Suite 39-36
New York, New York 10166
Telephone: (212) 801-9275
Facsimile: (212) 801-6400

Paul J. Ferak (*Pro Hac Vice*)
ferakp@gtlaw.com
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Fax: (312) 456-8435

*Attorneys for Defendant JPMorgan Chase Bank, N.A., and Specially Appearing Defendant JPMorgan Chase & Co.*

/s/ Andrew Soukup
Andrew Soukup
asoukup@cov.com
**COVINGTON & BURLING, LLP (DC)**
850 10th Street NW
Washington, DC 20001
Telephone: (202) 662-5066
Facsimile: (202) 778-5066

Paul Fitzgerald Downs
pdowns@cov.com
**COVINGTON & BURLING, LLP**
The New York Times Building
New York, New York 10018
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

Ashley Simonsen (*Pro Hac Vice*)
asimonsen@cov.com
**COVINGTON & BURLING, LLP**
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (424) 332-4800
Facsimile: (424) 332-4749

*Attorneys for Defendants MUFG Union Bank, N.A., and MUFG Americas Holding Co.*

/s/ Christopher J. Houpt
Christopher J. Houpt
choupt@mayerbrown.com
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2374

Lucia Nale (*Pro Hac Vice*)
lnale@mayerbrown.com
Thomas V. Panoff (*Pro Hac Vice*)
tpanoff@mayerbrown.com
Christopher S. Comstock (*Pro Hac Vice*)
ccomstock@mayerbrown.com
Andrew J. Spadafora (*Pro Hac Vice*)
aspadafora@mayerbrown.com
**MAYER BROWN LLP**

16

71 South Wacker Drive
Chicago, IL 60606-7463
Telephone: (312) 782-0600

*Attorneys for Defendants Citibank, N.A. and Citigroup Inc.*

/s/ Elizabeth Sacksteder
Elizabeth Sacksteder
esacksteder@paulweiss.com
**PAUL WEISS RIFKIND WHARTON & GARRISON, LLP**
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3505
Facsimile: (212) 492-0505

*Attorneys for Defendant Signature Bank*

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       7/1, 2020