# EXHIBIT G

As of June 25, 2020

**PAYCHECK PROTECTION PROGRAM LOANS**
Frequently Asked Questions (FAQs)

The Small Business Administration (SBA), in consultation with the Department of the Treasury, intends to provide timely additional guidance to address borrower and lender questions concerning the implementation of the Paycheck Protection Program (PPP), established by section 1102 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act or the Act).  This document will be updated on a regular basis.

Borrowers and lenders may rely on the guidance provided in this document as SBA's interpretation of the CARES Act and of the Paycheck Protection Program Interim Final Rules ("PPP Interim Final Rules") (link).  The U.S. government will not challenge lender PPP actions that conform to this guidance,[1] and to the PPP Interim Final Rules and any subsequent rulemaking in effect at the time.

1. **Question:**  Paragraph 3.b.iii of the PPP Interim Final Rule states that lenders must "[c]onfirm the dollar amount of average monthly payroll costs for the preceding calendar year by reviewing the payroll documentation submitted with the borrower's application." Does that require the lender to replicate every borrower's calculations?

   **Answer:**  No. Providing an accurate calculation of payroll costs is the responsibility of the borrower, and the borrower attests to the accuracy of those calculations on the Borrower Application Form.  Lenders are expected to perform a good faith review, in a reasonable time, of the borrower's calculations and supporting documents concerning average monthly payroll cost.  For example, minimal review of calculations based on a payroll report by a recognized third-party payroll processor would be reasonable.  In addition, as the PPP Interim Final Rule indicates, lenders may rely on borrower representations, including with respect to amounts required to be excluded from payroll costs.

   If the lender identifies errors in the borrower's calculation or material lack of substantiation in the borrower's supporting documents, the lender should work with the borrower to remedy the issue.[2]

2. **Question:**  Are small business concerns (as defined in section 3 of the Small Business Act, 15 U.S.C. 632) required to have 500 or fewer employees to be eligible borrowers in the PPP?

   **Answer:**  No.  Small business concerns can be eligible borrowers even if they have more than 500 employees, as long as they satisfy the existing statutory and regulatory definition of a "small business concern" under section 3 of the Small Business Act, 15 U.S.C. 632.  A business can qualify if it meets the SBA employee-based or revenue-

---

[1] This document does not carry the force and effect of law independent of the statute and regulations on which it is based.
[2] Question 1 published April 3, 2020.

As of June 25, 2020

> the Employer Identification Number (EIN) of the PEO or other payroll provider. In these cases, payroll documentation provided by the payroll provider that indicates the amount of wages and payroll taxes reported to the IRS by the payroll provider for the borrower's employees will be considered acceptable PPP loan payroll documentation. Relevant information from a Schedule R (Form 941), Allocation Schedule for Aggregate Form 941 Filers, attached to the PEO's or other payroll provider's Form 941, Employer's Quarterly Federal Tax Return, should be used if it is available; otherwise, the eligible borrower should obtain a statement from the payroll provider documenting the amount of wages and payroll taxes. In addition, employees of the eligible borrower will not be considered employees of the eligible borrower's payroll provider or PEO.
>
> 11. **Question:** May lenders accept signatures from a single individual who is authorized to sign on behalf of the borrower?
>
>     **Answer:** Yes. However, the borrower should bear in mind that, as the Borrower Application Form indicates, only an authorized representative of the business seeking a loan may sign on behalf of the business. An individual's signature as an "Authorized Representative of Applicant" is a representation to the lender and to the U.S. government that the signer is authorized to make the certifications, including with respect to the applicant and each owner of 20% or more of the applicant's equity, contained in the Borrower Application Form. Lenders may rely on that representation and accept a single individual's signature on that basis.
>
> 12. **Question:** I need to request a loan to support my small business operations in light of current economic uncertainty. However, I pleaded guilty to a felony crime a very long time ago. Am I still eligible for the PPP?
>
>     **Answer:** Eligibility for the PPP has been expanded. A business is ineligible due to an owner's criminal history only if an owner of 20 percent or more of the equity of the applicant:
>     - is presently incarcerated or, for any felony, is presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or
>     - has been convicted of, pleaded guilty or nolo contendere to, or commenced any form of parole or probation (including probation before judgment) for, a felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year.
>
> 13. **Question:** Are lenders permitted to use their own online portals and an electronic form that they create to collect the same information and certifications as in the Borrower Application Form, in order to complete implementation of their online portals?
>
>     **Answer:** Yes. Lenders may use their own online systems and a form they establish that asks for the same information (using the same language) as the Borrower Application Form. Lenders are still required to send the data to SBA using SBA's interface.