# EXHIBIT J



**Special Report**
April 22, 2020

# Center for Plain English Accounting
## AICPA's National A&A Resource Center

### Small Business Loans Under the Payroll Protection Program
### <u>Issues Related to CPA Involvement</u>

*By: Kristy Illuzzi and Jim Brackens*

The CPEA has received several questions regarding CPAs assisting clients with applications, including working as Agents under the definition of the CARES Act and the Paycheck Protection Program (PPP), which provides forgivable loans to help small businesses cover fees including payroll, mortgage expenses, rent, and utilities.

We know there is frustration around providing services to small business clients as they apply for PPP loans being issued through the Small Business Administration (SBA). The AICPA's Private Companies Practice Section (PCPS) has been adding developments daily to their [webpages](#), but we wanted to cover some of the more commonly asked questions and complexities that we have been hearing from members, including those related to acting as agents and whether performing certain services in association with these PPP loans would violate independence, create a conflict of interest, or result in receipt of a contingent fee.

<u>First Things First: See the Bigger Picture and Advise Clients</u>

Before we begin with the common issues surrounding the PPP loans, we want to offer this counsel to our members:

As clients deal with a cauldron of pandemic-imposed problems and uncertainties, and as they attempt to navigate a sea of government relief programs, CPAs must act as a trusted source of advice and guidance. Providing advice and guidance during challenging times is nothing new for CPAs. Businesses and organizations have deep relationships with their CPAs and normally look to them for assistance and reassurance. CPAs should step back and consider the best course of action for each client. Not every relief program or every course to maneuver through the arduous effects of the pandemic will fit every client. CPAs should take a thoughtful approach in helping each client find the financial assistance, loan and tax credit relief programs, and other solutions that make the most sense for each

client's unique circumstances. We encourage CPAs to provide these advisory services which are deemed to be outside the scope of loan processing application assistance as referred to within this report.

Acting as Agents and Agent Fees

One of the hottest topics related to these PPP loans is exactly what is intended by the term "agent" as used on the loan application. According to a Q&A document issued by the Treasury, an agent is an authorized representative and can be:

- An attorney
- An accountant
- A consultant
- Someone who prepares an applicant's application for financial assistance and is employed and compensated by the applicant
- Someone who assists a lender with originating, disbursing, servicing, liquidating, or litigating SBA loans
- A loan broker
- Any other individual or entity representing an applicant by conducting business with the SBA

There has been a lot of confusion as to whether CPA firms can act as agents for attest clients, and what acting as agents really entail. One of the key issues points to the fact that the Treasury defines an agent as an "authorized representative," which could imply that an agent is taking on a level of management responsibility.

There has been much discussion about whether acting as an agent for purposes of PPP loans was intended to meet a legal definition of agent (acting on behalf of another) or was meant to be a broader definition that would scope in CPAs providing nonattest services to clients. The AICPA ethics division has been carefully monitoring developments and continues to answer questions, and the Professional Ethics Executive Committee (PEEC) was recently asked to weigh in on the issue from an independence perspective.

As posted in an update on April 13, 2020, the AICPA made the following statement (in part):

> "While the AICPA understands that a fee paid by a lender is referred to as an 'agent fee', we don't believe this should be an impediment to allowing CPAs to fulfill the intent of the CARES Act. Rather, the AICPA's Professional Ethics Executive Committee (PEEC) believes members may advise and assist their attest clients in understanding the information required to be submitted and in the determination of amounts to be included on the application, provided the member does not

prepare or sign the application form itself or perform other management responsibilities on behalf of the applicant."

**Practice Note:** CPAs should note, that even though the Treasury has outlined guidelines related to agency fees, there is a possibility that you will not be paid for your services, even when noting you are an agent to the application. Every bank seems to understand the rules regarding agents and fees a bit differently, and some are agreeing to pay CPAs for assisting while others are not agreeing to pay CPAs for assisting. It is important to discuss this issue with clients and the banks to ensure there is an understanding, preferably in writing, as to how and when any fees will be paid.

It is our understanding that many firms do not intend to charge clients for the PPP application process for several reasons:

- It is in the firm's interest that clients weather the economic crisis caused by the pandemic. Helping clients get any assistance possible will strengthen long-term relationship with clients.
- The application itself is fairly straight forward and can be completed by the small business. The only challenge is determining the average monthly payroll cost.
- Average payroll costs can easily be derived by any third-party payroll provider, plus any benefits the small business pays that comes from the general ledger. Payroll companies are not charging customers for this work.
- The PPP asks for a self-certification from the business and <u>not</u> any type of certification from the CPA, as may be the case in other loan packages. CPAs should not be providing any certification, as it isn't required according to the guidelines.

**CPEA Observation:** An additional complication is whether banks, in agreeing to pay CPAs for services, infer that CPAs are taking on certain client representations that could result in placing CPAs at risk. Some banks are agreeing to pay CPAs without requiring them to sign as authorized representatives (i.e., agents under the Code of Federal Regulations definition). However, it's possible those banks may assume CPAs are taking on certain client representations. The AICPA is working with the SBA, the American Bankers Association, and other key stakeholders to clarify this issue. However, in the interim, CPAs could be putting themselves at risk as some banks could make an assumption that paying CPA firms agent fees means they are acting as "authorized agents" or "authorized representatives" of attest clients. CPAs are encouraged to consult with professional liability carriers or legal counsel to understand any legal implications.